UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLAS CORTEZ WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) sNo. 4:22-cv-782-MTS |
| | ) |
| MATTHEW GRIMES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Matthew Grimes's Motion to Dismiss, Doc. [8], Plaintiff's Complaint, Doc. [1], pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants Defendant's Motion.

### **Standard**

Plaintiff proceeds in this action *pro se*, which requires the Court to give liberal construction to his Complaint. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). "But liberal construction does not mean that [the Court] supply missing facts to a plaintiff's allegations or ignore a plaintiff's failure to allege facts setting forth a cognizable claim." *Jordan-A ex rel. Crawford v. United States*, 4:22-cv-783-CDP, 2022 WL 3576162, at *2 (E.D. Mo. Aug. 19, 2022) (citing *Stone v. Harry*, 364 F.3d 912 (8th Cir. 2004)). A *pro se* plaintiff must still state a claim for relief, Fed. R. Civ. P. 12(b)(6), 8(a), and his complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a Rule 12(b)(6) motion,

1

the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). Even so, the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## Facts

In support of his claims, Plaintiff alleged the following facts. Defendant Grimes, a police officer, pulled Plaintiff's vehicle over. *Id.* ¶¶ 1–3. Defendant Grimes asked Plaintiff for identification, returned to his car, and waited for backup. *Id.* ¶¶ 4–7. Defendant Grimes returned to Plaintiff's vehicle and demanded Plaintiff exit his vehicle. *Id.* ¶ 7. Defendant Grimes asked Plaintiff permission to search Plaintiff and his vehicle and Plaintiff denied consent. *Id.* ¶¶ 8–9. Officer Grimes then arrested Plaintiff for "'city' warrants." *Id.* ¶¶ 9–10. Officer Grimes then searched Plaintiff and his vehicle. *Id.* ¶ 10. Officer Grimes then towed Plaintiff's vehicle, via STS Car Care,[1] and took Plaintiff to Jennings Police Station, where Plaintiff "was booked for municipal ordinances violations, required to pay a bond for release, and issued court summons for the ordinance violations." *Id.* ¶¶ 11–12.

Based on this occurrence, Plaintiff filed a three-count Complaint against Defendant Grimes. *See* Doc. [1]. Defendant Grimes filed a Motion to Dismiss. *See* Docs. [8], [9]. Plaintiff filed a response to the Motion. *See* Docs. [10], [11].

## Discussion

In Count I, Plaintiff alleged Defendant Grimes violated his constitutional rights by enforcing state statutes or ordinances against Plaintiff. Doc. [1] at 2. Specifically, Plaintiff alleged

---

[1] Plaintiff also named as a Defendant "Steve Pokorny doing business as CEO of STS Car Care." Doc. [1].

these ordinances do not apply to him because Plaintiff is an "Aboriginal indigenous American" and has not agreed "in writing" to be subject to "colorable or special laws." *Id.* at 1–2; *see also* Doc. [10] ¶ 1. Theories where complainants believe that State, Federal, and local governments have no authority over them and cannot regulate their behavior "have been summarily rejected as frivolous by the Eighth Circuit and several other courts around the country." *Jordan-A ex rel. Crawford*, 2022 WL 3576162, at *3 (collecting cases). Therefore, this Court dismisses Plaintiff's claim in Count I as it is based on Plaintiff's legal conclusions and theory that certain laws do not apply to him.

In Count II, Plaintiff alleged Defendant Grimes violated his constitutional rights under the Fourth Amendment to the United States Constitution and Article I Section 15 of the Missouri Constitution. Doc. [1] at 3. Even applying a liberal reading of Plaintiff's Complaint, Plaintiff does not assert a sufficient factual basis to show Defendant Grimes violated his constitutional rights or committed any unlawful searches and seizures.

Plaintiff does not describe any facts to support his legal conclusion that his rights were violated. Plaintiff asserts Defendant Grimes arrested him for "city warrants" and searched his person after arresting him for those warrants. Doc. [1] at 1–2. It is well established that an officer may search someone after arresting them. *See, e.g.*, *United States v. Davis*, 569 F.3d 813, 816 (8th Cir. 2009) ("'Among the exceptions to the warrant requirement is a search incident to a lawful arrest.'" (quoting *Arizona v. Gant*, 556 U.S. 332, 339 (2009))). Equally true is that an officer may require someone to exit his vehicle during a traffic stop. *Arizona v. Johnson*, 555 U.S. 323, 330 (2009). Therefore, Defendant Grimes's search of Plaintiff could not have violated Plaintiff's Fourth Amendment rights and Plaintiff did not include enough information in his Complaint for the Court to find otherwise.

3

The Court reaches the same conclusion as to Defendant Grimes's search of Plaintiff's vehicle. While Plaintiff alleged Defendant Grimes unlawfully searched his vehicle prior to having it towed from the area, Doc. [1] at 1–2, "[it] is 'well-settled' law that 'a police officer, after lawfully taking custody of an automobile, may conduct a warrantless inventory search of the property to secure and protect vehicles and their contents.'" *United States v. Williams*, 777 F.3d. 1013, 1015 (8th Cir. 2015) (quoting *United States v. Rehkop*, 96 F.3d 301, 305 (8th Cir. 1996)). Similar to Defendant Grimes's post-arrest search of Plaintiff, Defendant Grimes's post-arrest search of Plaintiff's vehicle, *as alleged*, could not have violated Plaintiff's Fourth Amendment rights.

In Count III, Plaintiff attempts to use his civil Complaint to charge Defendant Grimes with "federal crimes." Doc. [1] at 3. Specifically, Plaintiff attempts to charge Defendant Grimes with a violation of 18 U.S.C. § 241–242. But, "Sections 241-242 [] of Title 18 are criminal statutes that provide no basis for any private cause of action." *Thompson v. Soc. Sec. Admin.*, 4:19-cv-2110-CDP, 2019 WL 3959983, at *3 (E.D. Mo. Aug. 22, 2019). "[N]or can this Court compel a criminal prosecution." *Id.* (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). The Court also dismisses Count III .

## Conclusion

For all the foregoing reasons, Plaintiff's claims against Defendant Grimes are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff's Complaint fails to state any claim against Defendant "Steve Pokorny doing business as CEO of STS Car Care" for the same reasons, the Court will dismiss the claims against him also. *See Mildfelt v. Cir. Ct. of Jackson Cnty.*, 827 F.2d 343, 345 (8th Cir. 1987) ("A district court has the power to sua sponte dismiss a complaint for failure to state a claim."); *see also Adams v. Eureka Fire Prot. Dist.*, 352

F. App'x 137, 139 (8th Cir. 2009) (per curiam). A separate Order dismissing this action will be filed herewith.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Grimes's Motion to Dismiss, Doc. [8], is **GRANTED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th of January, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE